UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES MACK TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00874-TWP-TAB |
| | ) | |
| HURST c/o, | ) | |
| WRIGHT c/o, | ) | |
| BIAS c/o, | ) | |
| STONE c/o, | ) | |
| ALTMAN c/o, | ) | |
| LETSTER c/o, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

**I.**

The plaintiff's renewed motion to proceed *in forma pauperis* [dkt 15] is **denied** a moot because the plaintiff has already been granted leave to proceed in that fashion.

**II.**

The plaintiff's amended complaint [dkt 16] is treated as a motion to amend the complaint and, as so treated, is **granted**. The amended complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006).

Based on the foregoing screening, certain claims will be dismissed while others shall proceed. First, any claim against Superintendent Keith Butts must be **dismissed**. To the extent Superintendent Butts is included as a defendant because of his supervisory position, this position alone is not adequate to support the imposition of liability. *See West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997)("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit"). Further, this defendant is not mentioned in the body of the complaint. *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

The plaintiff's claims against officers Altman, Stone, Hurst, Wright, Lester, and Bias that for entering Mr. Taylor's cell and assaulting him **shall proceed** as a claim that these defendants exercised excessive force against Mr. Taylor in violation of the Eighth Amendment.

The **clerk shall add** defendants Officers Altman, Stone, and Lester to the docket. Defendants Hurst, Wright, and Bias have already appeared and will have **through October 30, 2015**, in which to file an answer to the amended complaint.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Altman, Stone, and Lester in the manner specified by Rule 4(d). Process shall consist of the amended complaint [dkt. 16] applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 10/6/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

Distribution:

CHARLES MACK TAYLOR
994511
NEW CASTLE PSYCHIATRIC UNIT
P.O. Box A
New Castle, IN 47362

All electronically registered counsel

Officer Stone
Officer Lester
Officer Altman

    All at:

        NEW CASTLE CORRECTIONAL FACILITY
        1000 Van Nuys Road
        P.O. Box A
        New Castle, IN 47362