UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES MACK TAYLOR, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 1:15-cv-00874-TWP-MPB |
| HURST c/o, WRIGHT c/o, BIAS c/o, STONE c/o, ALTMAN c/o, LETSTER c/o, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**Entry Directing Treatment of Filing as a Notice of Appeal**

**I.**

This matter is before the Court on two letters received from plaintiff, *pro se*. The letter received by the Court on February 8, 2017 does not contain a case number. The Clerk is directed to docket that letter under this cause of action. The letter from the plaintiff docketed on February 1, 2017 [dkt 74] shall be *treated* by the clerk as the plaintiff's notice of appeal from the final judgment entered on December 9, 2016.

**II.**

This action was concluded through the entry of Judgment entered on the clerk's docket on December 9, 2016. The docket shows that the plaintiff's copy of this Judgment was returned undelivered. It was undelivered apparently because the plaintiff had been transferred to a different facility.

On February 1, 2017, the clerk received from the plaintiff a letter in which the plaintiff states he wishes to appeal. This is the letter treated as a notice of appeal in Part I of this Entry. This letter arrived after the 30-day period in which a notice of appeal would otherwise have been timely. The letter also arrived within the 30-day grace period recognized by Federal Rule of Appellate Procedure 4(a)(5), pursuant to which the district court may extend the time to file notice of appeal if a party so moves no later than thirty days after the original deadline for the filing of notice of appeal and that party shows "excusable neglect or good cause." The advisory committee notes to the 2002 amendments state that Rule 4(a)(5)(A)(ii) was amended to correct the misunderstanding of the Rule that separate standards applied based on when the motion was filed. They do not. The advisory committee note explains that "[t]he good cause and excusable neglect standards have 'different domains.'" *Id.* (quoting *Lorenzen v. Emp. Ret. Plan,* 896 F.2d 228, 232 (7th Cir. 1990)). The relevant question is one of fault, as "[t]he excusable neglect standard applies in situations in which there is fault; in such situations, the need for extension is usually occasioned by something within the control of the movant." *Id.* On the other hand, the good cause standard "applies in situations in which there is no fault—excusable or otherwise." *Id.*

## CONCLUSION

The plaintiff's letter docketed on February 1, 2017 [dkt 74] is *treated* as a motion to file a late appeal within the grace period described above and sets forth circumstances establishing good cause for the requested extension and as so treated the motion to file belated appeal is **GRANTED.** In addition, the clerk is directed to docket the letter dated **February 8, 2017** under this case number.

**IT IS SO ORDERED**.

Date: 2/17/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com

CHARLES MACK TAYLOR
994511
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838