UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| CHARLES MACK TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 1:15-cv-00874-TWP-MPB |
| HURST c/o, WRIGHT c/o, BIAS c/o, OFFICER ALTMAN, OFFICER STONE and OFFICER LETSTER, | ) | |
| Defendants. | ) | |

## ENTRY ON PENDING MOTIONS

This matter is before the Court on Plaintiff Charles Mack Taylor's ("Taylor") Motion for Court Information (Dkt. 89) and Motion for Court's Assistance (Dkt. 88). In his filings, Taylor appears to argue that the Court did not fully consider his evidence in ruling on the motion for summary judgment. Accordingly, these filings are treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civl Procedure*. Rule 60 authorizes a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." *Id.* "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano,* 657 F.3d 586, 589 (7th Cir. 2011). Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Taylor has not shown his entitlement to relief from the judgment on any of these grounds.

In this case, the Defendants' filed a motion for summary judgment asserting that Taylor failed to exhaust his available administrative remedies. Summary judgment was granted because Taylor had not shown that he filed an appeal of his formal grievance or notified appropriate prison personnel that he did not receive a response to his grievance. In the current motions, Taylor argues that he did provide evidence that he "took the appropriate steps after not receiving a response to his grievance" and that the failure to respond to his grievances made the grievance process unavailable to him. But Taylor still has not shown that he properly appealed the failure to respond to his formal grievance, which is a requirement of the grievance procedure. Accordingly, he has shown no error in the Court's ruling. His post-judgment motions, (Dkt. 88 and Dkt. 89) are therefore **denied**.

**IT IS SO ORDERED.**

Date: 6/13/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

CHARLES MACK TAYLOR
994511
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838